UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JIMMY JOSEPH NEWELL, | ) |
| | ) |
| Petitioner, | ) |
| | ) No.: 1:16-CV-494-HSM-CCS |
| v. | ) |
| | ) |
| BLAIR LEIBACH, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION

Before the Court is a pro se petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. For the reasons set forth below, this action will be **DISMISSED without prejudice** because the petition establishes that Petitioner has not exhausted his state remedies.

In his petition, Petitioner seeks to attack the validity of a conviction or sentence that was entered in Bradley County, Tennessee on May 20, 2014 [Doc. 1 p. 1–2]. Petitioner states that he has filed an appeal of this judgment of conviction that is still pending [*Id.* at 2–3]. Petitioner further asserts that he has filed appeals of the denials of his various post-conviction motions, the most recent of which Petitioner states was denied October 27, 2016 [*Id.* at 3–5].

As a precondition to the granting of habeas corpus relief, a petitioner must demonstrate, as a matter of comity, that he has exhausted all available avenues of state relief by fairly presenting all claims to the state courts or that resort to state remedies would be useless. 28 U.S.C. § 2254(b) and (c); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973). A petitioner has not "exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right, under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509

(1982) (finding that federal claims must be completely exhausted by being fully and fairly offered to the state courts before seeking federal habeas corpus relief). Petitioner has the burden to show exhaustion of available state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

As Petitioner acknowledges that he is still pursuing state court remedies for conviction at issue in his § 2254, it is apparent that Petitioner has not exhausted available state court remedies. This action will therefore be **DISMISSED WITHOUT PREJUDICE** to Petitioner demonstrating exhaustion of those state court remedies.

For the reasons set forth above, after reviewing the petition under the appropriate standards in *Slack v. McDaniel*, 529 U.S. 473 (2000), the Court finds that Petitioner has failed to make a substantial showing of the denial of a constitutional right because jurists of reason would not disagree about the correctness of the procedural ruling with regard to exhaustion of state court remedies, nor would they find debatable or wrong the Court's conclusion that exhaustion has not been shown. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001); *Porterfield v. Bell*, 258 F.3d 484, 487 (6th Cir. 2001). Accordingly, the Court will **DENY** issuance of a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**E N T E R :**

                                             */s/ Harry S. Mattice, Jr.*
                                             HARRY S. MATTICE, JR.
                                             UNITED STATES DISTRICT JUDGE